Mr. John Wine General Counsel Secretary of State's Office State Capitol, 2nd Floor Topeka, Kansas 66612
Dear Mr. Wine:
As general counsel for the secretary of state's office, you request our opinion regarding the legal effect of registering to vote pursuant to the federal enclave statutes, K.S.A. 25-3401, et seq. You raise this issue in light of an upcoming school election. Contained within the boundaries of the unified school district is a federal enclave. Specifically, you ask whether registering to vote for the purpose of casting a vote in the upcoming school election by a person residing in the federal enclave would have the effect of changing the person's domicile or residence and thereby obligate the person to pay income tax to the state of Kansas.
The ability of a state to tax the income of a person residing in a federal enclave is subject to provisions of the soldiers' and sailors' civil relief act of 1940 (SSCRA). Pursuant to 50 App. U.S.C.A. sec. 574:
 "(1) For the purpose of taxation in respect of any person, or of his . . . income, or gross income, by any State . . . or political subdivision . . ., such person shall not be deemed to have lost a residence or domicile in any State . . . or political subdivision . . . solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a new residence or domicile in, or to have become a resident in or a resident of, any other State . . . or political subdivision . . . while, and solely by reason of being, so absent. For the purposes of taxation in respect of the . . . income, or gross income of any such person by any State . . . or political subdivision . . . of which such person is not a resident or in which he is not domiciled, compensation for military or naval service shall not be deemed income for services performed within, or from sources within, such State . . . or political subdivision. . . ."
The purpose of the SSCRA is to broadly free servicemen of the burden of supporting the governments of the states where they are present solely in compliance with military orders. California v. Buzard, 382 U.S. 386,393, 86 S.Ct. 478, 15 L.Ed.2d 436, 441 (1966); United States v. State ofKansas, 810 F.2d 935, 937 (10th Cir. 1987). The principal motive behind the provisions of the SSCRA granting a tax exemption to nonresident service personnel was to prevent the possibility of multiple state taxation of the income and property of such service personnel. UnitedStates v. State of Kansas, 810 F.2d at 937. Therefore, pursuant to the SSCRA, a state may tax compensation for military service only if the recipient of the compensation is a domiciliary or resident of the state. The establishment of residency would require more than the mere presence in the state of the person who is complying with military orders.
There is no question that the state of Kansas has endeavored to explicitly comply with the mandate of the SSCRA concerning tax residency of military personnel stationed in Kansas. United States v. State ofKansas, 810 F.2d at 938, fn. 3. Pursuant to K.S.A. 79-32,109, "modified Kansas source income" upon which income tax payable to the state is based "shall not include: (1) Compensation paid by the United States for service in the armed forces of the United States, performed during an induction period by any individual not domiciled in this state. . . ." K.A.R. 92-12-6 provides in part:
 "A person who is a resident of this state, does not terminate residency upon entering the armed services or peace corps of the United States. A member of the armed services domiciled in Kansas at the time he entered such service generally retains his status as a domiciliary of Kansas throughout his stay in the service, regardless of where he may be assigned to duty or how long.
 "For purposes of this act a person shall not be deemed to be a resident of Kansas, nor will he lose his status as a resident of the state in which he formerly resided, solely because of a transfer into this state under military orders. Such person may, however, become a resident of Kansas for purposes of this act by the performance of certain overt acts which would constitute a termination of his residence in such former state and the establishment of a residence in Kansas." (Emphasis added.)
It is further provided in K.A.R. 92-12-4:
 "Domicile shall be a fixed place of habitation where one lives and maintains a principal establishment, including a residence which, in the intention of the taxpayer, is permanent rather than transitory. A domicile once obtained continues until a new one is acquired. To constitute a change in domicile, there shall be an intent to change, actual removal, and the acquisition of a new domicile. The domicile shall not be changed by removal for a definite period or for particular purposes nor by abandonment of the old domicile until the acquisition of a new one is effected. A voting residence is prima facie evidence of domicile." (Emphasis added.)
It is clear that the state in complying with the SSCRA will not collect income tax on compensation for military service if the recipient of the compensation is in the state solely in compliance with military orders and is not a domiciliary or resident of the state. However, overt acts of that person, including registration to vote, may change the person's domicile or residence to Kansas and the compensation for military service may become subject to taxation by the state.
It has been advocated that K.S.A. 25-3401 et seq. permit a person residing in a federal enclave to register to vote in the state of Kansas without becoming a domiciliary or resident of the state for other purposes. We do not find such to be the effect of K.S.A. 25-3401 et seq.
Historically, a domiciliary or resident in a federal enclave did not possess the authority to vote in elections conducted by the governmental entity surrounding the confines of the federal enclave. A federal enclave as is presented in this issue is generally formed pursuant to clause 17 of section 8 of article 1 of the United States constitution.
 "The Congress shall have power . . . To exercise exclusive Legislation in all Cases whatsoever, over [the District of Columbia], and to exercise like Authority over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const., art. 1, sec. 8.
The courts generally had held that where a cession of a tract was made by a state to the United States for any of the purposes mentioned in article 1 of section 8, and there was no reservation of jurisdiction by the state other than the right to serve civil and criminal process on the ceded lands, persons who resided on such lands did not acquire any elective franchise as inhabitants of the ceding state. State, ex rel.,v. Corcoran, 155 Kan. 714, 720 (1942); Herken v. Glynn, 151 Kan. 855, 861
(1940). A person by becoming a resident on lands ceded by a state to the United States became subject to the exclusive jurisdiction of the United States, and was no longer a resident of the state in which the lands ceded were situate. Herken, 151 Kan. at 863. A person who was a resident of a federal enclave could legally vote only at his or her former place of residence. Herken, 151 Kan. at 868. Therefore, a person who had resided in a federal enclave within the state of Kansas could not, regardless of intent to become a resident, actually become a resident and a qualified elector of the state of Kansas as long as the person resided in the federal enclave.
The rigidity of this rule, however, has been softened. In Howard v.Commissioners of Louisville, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617
(1953), the United States supreme court addressed whether a city could annex the territory of a naval ordinance plant, a federal enclave, and levy an income tax on employees of the ordinance plant.
 "The fiction of a state within a state can have no validity to prevent the state from exercising its power over the federal area within its boundaries, so long as there is no interference with the jurisdiction asserted by the Federal Government. The sovereign rights in this dual relationship are not antagonistic. Accommodation and cooperation are their aim. It is friction, not fiction, to which we must heed." Howard, 344 U.S. at 627, 97 L.Ed. at 621.
That "fiction of a state within a state" cannot be resurrected to deny residents of a federal enclave the right to vote when such persons are treated by the state as residents of the state for other purposes. Evansv. Cornman, 398 U.S. 419, 421-22, 90 S.Ct. 1752, 26 L.Ed.2d 370, 374
(1970).
In light of these cases, the Kansas legislature enacted K.S.A. 25-3401et seq. initially extending the right to vote to certain employees "of the United States or any agency or department thereof and members of their household . . .," L. 1968, ch. 87, sec. 2, and finally to "[a]ny person living in a federal enclave within the state . . . if such person is a citizen of the United States and is of the age of eighteen years or more." K.S.A. 25-3402. It is the "intention of this act to authorize persons specified in K.S.A. 25-3402, to vote at all elections upon all officers and questions submitted when such persons would be entitled to the right of suffrage if residents of this state for all purposes." K.S.A. 25-3403 (emphasis added). K.S.A. 25-3401 et seq. do not modify the requirements for a qualified elector of the state as set forth in section 1 of article 5 of the constitution of the state of Kansas. ("Every citizen of the United States who has attained the age of eighteen years and who resides in the voting area in which he or she seeks tovote shall be deemed a qualified elector." [Emphasis added.]) In determining the residence of a person offering to vote, "`[r]esidence' means the place adopted by a person as such person's place of habitation, and to which, whenever such person is absent, such person has the intention of returning." K.S.A. 25-407. Therefore, the fact that a person residing in a federal enclave has registered to vote in the state of Kansas is prima facie evidence that the person has changed his domicile or residence to the state of Kansas. A person who is a domiciliary or resident of the state of Kansas is subject to taxation by the state of Kansas on compensation for military service.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm